**SAN ANTONIO STATE HOSPITAL,
Petitioner,**

v.

**Kimberly COWAN, et al., Respondents.**

No. 02–0348.

Supreme Court of Texas.

Argued Feb. 12, 2003.

Decided Jan. 9, 2004.

Jeffrey D. Janota, Office of Atty. Gen., Austin, for Mae Katherine Ramsey, R.N., Donna Remo, R.N., Arthur Sanchez.

Cherie Kay Batsel, Office of Atty. Gen., Austin, for James E. Soler, M.D.

Greg Halbrook, Office of Attorney General, Austin, for Thomas H. Williams, M.D.

Greg Abbott, Office of Atty. Gen., Howard G. Baldwin, Jeffrey S. Boyd, John Cornyn, Atty. General's Office, Phillip A. Lionberger, Julie Caruthers Parsley, Brown McCarroll, L.L.P., Lisa Royce Eskow, First Asst. Atty. Gen., Austin, Joseph Hughes, Wayne Wright LLP, San Antonio, for petitioner.

Sandra Helena Wadiche, Office of Solicitor Gen., Alex M. Miller, A. Wayne Wright, Office of Atty. Gen., Austin, Bill D. Blanton, Watts & Heard, LLP, Richard W. Hunnicutt, Allen Stein & Durbin, PC, San Antonio, for respondents.

Justice HECHT delivered the opinion of the Court.

■ Section 101.021(2) of the Texas Tort Claims Act waives governmental immunity for death caused by a use of tangible personal property.[1] The issue here is whether merely providing someone with personal property that is not itself inherently unsafe is a "use" within the meaning of the Act. We hold that it is not and accordingly reverse the judgment of the court of appeals[2] and dismiss the action against petitioner.

The probate court ordered James Roy Cowan, Jr. involuntarily committed to the San Antonio State Hospital because of his psychotic behavior, acute depression, and suicidal tendencies. As required by the order, the Hospital took possession of Cowan's personal effects, including his suspenders and walker, but allowed him to keep these latter items with him. Two days later, Cowan used his suspenders and a piece of pipe from the walker to commit suicide. His wife and children, respondents in this Court, sued the Hospital, petitioner here, for wrongful death. The trial court denied the Hospital's plea to the jurisdiction based on sovereign immunity, and the Hospital appealed.[3] A divided court of appeals affirmed, holding that the "Hospital employees misused the suspenders and walker by providing them to Cowan in view of his suicidal state",[4] and therefore its immunity from liability is waived by section 101.021(2) of the Tort Claims Act. We granted the Hospital's petition for review.[5]

■ Section 101.021(2) waives the States immunity for death "so caused by a condition or use of tangible personal or real property".[6] Respondents do not complain of the condition of Cowans walker and suspenders. They do not assert, for example, that the walker and suspenders were defective or that they lacked some safety feature. Rather, respondents contend, as the court of appeals held, that the Hospital misused the walker and suspenders by allowing Cowan to have them. Respondents concede that section 101.021(2) waives immunity for a use of

1. TEX. CIV. PRAC. & REM. CODE 101.021(2) ("A governmental unit in the state is liable for: ... (2) personal injury and death so caused by a condition or use of tangible personal or real property if the governmental unit would, were it a private person, be liable to the claimant according to Texas law.").

2. 75 S.W.3d 19 (Tex.App.-San Antonio 2001).

3. *See* TEX. CIV. PRAC. & REM. CODE 51.014(a)(8) ("A person may appeal from an interlocutory order of a district court ... that: ... grants or denies a plea to the jurisdiction by a governmental unit....").

4. 75 S.W.3d at 23.

5. 46 Tex. Sup.Ct. J. 192 (Nov. 21, 2002); *see* TEX. GOV'T CODE 22.001(a)(1), 22.225(b)(3), (c).

6. TEX. CIV. PRAC. & REM. CODE 101.021(2).

personal property only when the governmental unit is itself the user. This limitation is not expressly stated in section 101.021, but we have read it into section 101.021(1),[7] which waives immunity for the use of motor-driven vehicles and equipment,[8] and there is no reason to construe "use" differently in section 101.021(2).[9] Thus, the Hospital's immunity can be waived only for its own use of Cowan's walker and suspenders, and not by Cowans use of them.

■ Respondents argue, and the court of appeals concluded, that the Hospital used Cowan's walker and suspenders by giving them to him to use. But since 1973 we have consistently defined "use" to mean " 'to put or bring into action or service; to employ for or apply to a given purpose' ".[10]

A governmental unit does not "use" personal property merely by allowing someone else to use it and nothing more. If all "use" meant were "to make available", the statutory restriction would have very little force. As difficult as the restriction has been to construe,[11] it was clearly intended as a real limit on the waiver of sovereign immunity.[12] Respondents assert only that the Hospital gave Cowan his walker and suspenders; they do not allege that the Hospital put the suspenders and walker into service or employed them for a given purpose. By providing Cowan his walker and suspenders, the Hospital did not "use" them within the meaning of section 101.021(2).

Respondents rely on *Overton Memorial Hospital v. McGuire*, but in that case the

7. *LeLeaux v. Hamshire–Fannett Indep. Sch. Dist.*, 835 S.W.2d 49, 51 (Tex.1992) ("While the statute [section 101.021(1)] does not specify whose operation or use is necessary—the employee's, the person who suffers injury, or some third party—we think the more plausible reading is that the required operation or use is that of the employee. This requirement is consistent with the clear intent of the Act that the waiver of sovereign immunity be limited.").

8. TEX. CIV. PRAC. & REM. CODE 101.021(1) ("A governmental unit in this state is liable for: (1) property damage, personal injury, and death proximately caused by the wrongful act or omission or the negligence of an employee acting within his scope of employment if: (A) the property damage, personal injury, or death arises from the operation or use of a motor-driven vehicle or motor-driven equipment; and (B) the employee would be personally liable to the claimant according to Texas law....").

9. *Texas Natural Res. Conservation Commn. v. White*, 46 S.W.3d 864, 869 n. 2 (Tex.2001); *see also DeWitt v. Harris County*, 904 S.W.2d 650, 654 (Tex.1995) ("Consistent with subsection 1, we construe subsection 2 of section 101.021 to predicate the governmental unit's respondeat superior liability upon the liability

of its employee."); *cf. Texas Dept. of Transp. v. Able*, 35 S.W.3d 608, 612 (Tex.2000) (distinguishing liability for "use", which must be based on the government's use, from liability for a "condition", which need not be).

10. *Beggs v. Texas Dept. of Mental Health & Mental Retardation*, 496 S.W.2d 252, 254 (Tex.Civ.App.-San Antonio 1973, writ refd); *see also Dallas Area Rapid Transit v. Whitley*, 104 S.W.3d 540, 542 (Tex.2003); *Texas Dept. of Criminal Justice v. Miller*, 51 S.W.3d 583, 588 (Tex.2001); *White*, 46 S.W.3d at 869; *Kerrville State Hosp. v. Clark*, 923 S.W.2d 582, 584 (Tex.1996); *Mount Pleasant Indep. Sch. Dist. v. Estate of Lindburg*, 766 S.W.2d 208, 211 (Tex.1989).

11. *See Miller*, 51 S.W.3d at 589 (Hecht, J., concurring).

12. *Dallas County Mental Health & Mental Retardation v. Bossley*, 968 S.W.2d 339, 343 (Tex.1998) ("If only involvement were required, the waiver of immunity would be virtually unlimited, since few injuries do not somehow involve tangible personal or real property. Requiring only that a condition or use of property be involved would conflict with the Act's basic purpose of waiving immunity only to a limited degree.").

hospital was alleged to have used a bed without rails in a patient's post-operative treatment.[13] The hospital did not merely allow the patient access to the bed; it actually put the patient in the bed as part of his treatment. The use of property respondents allege does not rise to this level. Respondents also cite *Lowe v. Texas Tech University*[14] and *Robinson v. Central Texas MHMR Center*.[15] In *Lowe,* a football coach was alleged to have required a player to wear a uniform without a knee brace.[16] The allegation was that the coach prescribed the uniform to be worn, not merely that he allowed the player to choose what to wear. Similarly, in *Robinson,* employees of a mental health center gave a patient swimwear without a life preserver.[17] As we explained in *Kerrville State Hospital v. Clark:* "The precedential value of [*Lowe* and *Robinson* ] is ... limited to claims in which a plaintiff alleges that a state actor has provided property that lacks an integral safety component and that the lack of this integral component led to the plaintiff's injuries."[18] As already noted, respondents make no such claim in this case.

While we continue to be troubled by the difficulties in construing section 101.021(2) that are intrinsic to its language and history, today's decision is rather clearly required by our long-standing definition of the word "use" in the statute. Because respondents failed to allege that Cowans death was caused by the Hospitals use of property, its immunity is not waived by section 101.021(2). Accordingly, the judgment of the court of appeals is reversed,

and respondents' action against the Hospital is dismissed.

---

**13.** 518 S.W.2d 528, 528 (Tex.1975) (per curiam).

**14.** 540 S.W.2d 297 (Tex.1976).

**15.** 780 S.W.2d 169 (Tex.1989).

**16.** 540 S.W.2d at 298.

**17.** 780 S.W.2d at 169.

**18.** 923 S.W.2d 582, 585 (Tex.1996).