COURT 
OF APPEALS
SECOND 
DISTRICT OF TEXAS
FORT WORTH
 
NO. 02-02-00320-CV
 
 
UNIVERSITY OF NORTH TEXAS                                              APPELLANT
 
V.
 
CARLA HARVEY AND CATHERINE                                           APPELLEES
GRACE HARVEY
 
 
------------
 
FROM THE 367TH DISTRICT COURT OF DENTON COUNTY
 
------------
 
ORDER**
 
------------
        We 
have considered "Appellant's Motion for En Banc Reconsideration."
        It 
is the opinion of the court that said motion for rehearing en banc should be and 
is hereby denied and that the opinion and judgment of August 29, 2003, stand 
unchanged.
        The 
clerk of this court is directed to transmit a copy of the order to the attorneys 
of record.
 
        SIGNED 
January 29, 2004.
 
                                                          ________________________
                                                          SUE 
WALKER
                                                          JUSTICE
  
  
EN BANC
 
CAYCE, C.J. filed a dissenting opinion in which 
McCoy, J. joins.
 

 
COURT 
OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
NO. 2-02-320-CV
 
 
UNIVERSITY 
OF NORTH TEXAS                                              APPELLANT
 
V.
 
CARLA 
HARVEY AND CATHERINE                                           APPELLEES
GRACE 
HARVEY
 
------------
 
FROM 
THE 367TH DISTRICT COURT OF DENTON COUNTY
 
------------
 
DISSENTING OPINION TO 
DENIAL OF
MOTION FOR EN BANC 
RECONSIDERATION
 
------------
Introduction
        Catherine 
Harvey alleges she became ill by eating ice contaminated with E. coli 
bacteria while attending drill team camp on the University of North Texas’s (UNT) 
campus. The ice was provided by UNT employees in “garbage cans” lined with 
plastic bags and allegedly became contaminated by a person who may have used her 
hand or cup to remove ice from the garbage cans. There is deposition testimony 
from UNT’s cafeteria manager that it would have been “safer” if UNT had 
provided a “scoop” for removing the ice from the garbage cans. Based on 
these facts, a panel of this court has held that a scoop is an “integral 
safety component” of a garbage can and that the lack of a scoop in the garbage 
can was a condition or use of property that proximately caused Catherine’s 
injuries.[1]  In so holding, I believe the panel 
has stepped far beyond the “outer bounds” of what the Supreme Court of Texas 
and the overwhelming majority of courts of appeals have defined as a condition 
or use of property for finding a waiver of sovereign immunity under section 
101.021(2) of the Tort Claims Act.[2]
        Contrary 
to the panel’s opinion, Catherine does not allege that, because UNT employees 
failed to provide scoops with garbage cans containing ice, the garbage cans were 
defective or lacked some integral safety feature. Nor does she allege that her 
injuries were proximately caused by UNT’s use of the garbage cans to store 
ice. Instead, Catherine asserts that her injuries were caused by the nonuse of a 
scoop which she alleges UNT employees should have provided with the garbage 
cans. Under both recent and longstanding decisions of the Supreme Court of Texas 
and this court, the Tort Claims Act does not waive UNT’s immunity from such a 
complaint.[3]  I am, therefore, compelled to 
respectfully dissent to the court’s denial of UNT’s motion for en banc 
reconsideration.
 
Catherine Did Not Allege That UNT Provided or Used 
Property That
Lacked an Integral Safety Component and That the Lack 
of an
Integral Safety Component Led to Her Injuries
        To 
establish a waiver of sovereign immunity based on a claim that an injury was 
caused by the condition or use of property lacking an integral safety component, 
the Supreme Court of Texas has held the plaintiff must allege “that a state 
actor has provided property that lacks an integral safety component and that the 
lack of this integral component led to the plaintiff’s injuries.”[4]  Contrary to the panel opinion, however, Catherine 
did not allege or offer proof showing that a scoop is an integral safety 
component of a garbage can, an integral part of a garbage can, or a component of 
a garbage can.  Thus, even taking the facts alleged in Catherine’s 
pleadings as true and construing them in her favor as we should,[5]  the record contains no allegations or supporting 
proof that property used by UNT lacked an integral safety component and that the 
lack of the integral safety component caused her injuries.  Because 
Catherine makes no such claim in this case, UNT’s immunity is clearly not 
waived by section 101.021(2).[6]
 
Catherine’s Allegation That the Lack of a Scoop 
Caused Her Injuries
Is a Claim Based on Nonuse of Property Which She 
Alleges UNT’s
Employees Should Have Provided. The Tort Claims Act 
Does
Not 
Waive Sovereign Immunity From Such a Complaint.
        Catherine’s 
claim that the lack of a scoop caused her injuries is actually a claim based, 
not on the condition or use of property, but instead on the nonuse of 
property—a scoop—which she alleges UNT’s employees should have provided to 
remove ice from the garbage can. The Tort Claims Act does not provide for the 
waiver of sovereign immunity for injuries caused by nonuse of property.[7]  Nor does the Act provide for the waiver of sovereign 
immunity for injuries caused by the ordinary negligence of state employees.[8]  Section 101.021(2) of the Tort Claims Act expressly 
requires that for immunity to be waived, personal injury or death must be caused 
by the condition or “use” of tangible personal property.[9]  
An injury such as Catherine’s, that is allegedly caused by a state 
employee’s allegedly negligent failure to use property, does not support a 
claim under the Act.[10]

Even Had Catherine Alleged That Her Injuries Were 
Proximately
Caused by the Condition or Use of Property Lacking an 
Integral
Safety Component, the Lack of a Scoop Cannot Be Said 
to
Have Caused Her Injuries
        Even 
if Catherine did allege that her injuries were caused by property lacking an 
integral safety feature (which she did not), a garbage can without a scoop 
cannot be said to have proximately caused Catherine’s injuries. “Property 
does not cause injury if it does no more than furnish the condition that makes 
the injury possible.”[11] The garbage can 
containing the contaminated ice did no more than furnish the condition that made 
it possible for Catherine to eat the ice. It did not cause the ice to become 
contaminated or cause Catherine to become ill from eating the ice, and Catherine 
does not allege that it did.
        The 
same can be said for the scoop that Catherine claims UNT should have provided 
with the garbage can. While there is testimony in this case that the use of a 
scoop may have made it “safer” to consume ice stored in a garbage can, the 
absence of a scoop did not cause Catherine to become ill. Catherine’s eating 
of contaminated ice from a garbage can may have led to her injuries, but the 
lack of a scoop in the garbage can in which the ice was stored is too attenuated 
from Catherine’s injuries to be said to have caused them.
Conclusion
        Because 
the panel opinion is unsupported by Catherine’s pleadings and represents such 
an extraordinary departure from prevailing Texas case law defining what does and 
does not constitute a condition or use of tangible personal property under the 
Tort Claims Act, I would grant UNT’s motion for en banc reconsideration.[12]
 

 
                                                                  JOHN 
CAYCE
                                                                  CHIEF 
JUSTICE
 
McCOY, 
J. joins.
 
DELIVERED: 
January 29, 2004
 

NOTES
** Original Opinion dated 8/29/03 (Justice Walker); Order 
denying en banc motion dated 1/29/04, (Justice Walker) and Dissenting Opinion to 
Denial of Motion for En Banc Reconsideration dated 1/29/04 (Chief Justice 
Cayce).
 
NOTES TO DISSENTING OPINION TO DENIAL OF MOTION FOR EN BANC 
RECONSIDERATION
1.  
Univ. of N. Tex. v. Harvey, No. 02-02-00320-CV, 2003 WL 22026544, at *4 
(Tex. App.—Fort Worth Aug. 29, 2003, no pet. h.); see Tex. Civ. Prac. & Rem. Code Ann. § 
101.021(2) (Vernon 1997).
2.  
Kerrville State Hosp. v. Clark, 923 S.W.2d 582, 585 (Tex. 1996) 
(explaining that case establishing waiver of sovereign immunity based on state 
providing property lacking an integral safety component “represent perhaps the 
outer bounds of what [the Supreme Court of Texas has] defined as use of tangible 
personal property”); see, e.g., San Antonio State Hosp. v. Cowan, 47 
Tex. Sup. Ct. J. 221, 221-22, 2004 WL 74441, at *1-2 (Tex. Jan. 9, 2004) (walker 
and suspenders not unsafe merely because they were used by mental patient to 
commit suicide); Dallas County MHMR v. Bossley, 968 S.W.2d 339, 343 
(Tex.) (unlocked door not lack of integral safety component that caused mental 
patient to escape and commit suicide), cert. denied, 525 U.S. 1017 
(1998); Robinson v. Cent. Tex. MHMR Ctr., 780 S.W.2d 169, 171 (Tex. 1989) 
(life preserver is integral part of swimming attire); Lowe v. Tex. Tech Univ., 
540 S.W.2d 297, 300 (Tex. 1976) (protective padding is integral safety component 
of football uniform); see also Archibeque v. N. Tex. State Hosp.-Wichita 
Falls Campus, 115 S.W.3d 154, 159-60 (Tex. App.—Fort Worth 2003, no pet.) 
(neither plastic bag and shoe laces used by mental patient to commit suicide nor 
failure to use flashlight was condition or use of property causing death of 
patient); Bonham v. Tex. Dep’t of Criminal Justice, 101 S.W.3d 153, 160 
(Tex. App.—Austin 2003, no pet.) (lack of surveillance equipment not an 
integral safety component of men’s bathroom causing sexual assault); Tex. 
Dep’t of MHMR v. Lee, 38 S.W.3d 862, 867 (Tex. App.—Fort Worth 2001, 
pet. denied) (absence of lock on door not lack of integral safety component 
causing rape of patient).
3.  
See, e.g., San Antonio State Hosp., 47 Tex. Sup. Ct. J. at 221-22, 2004 
WL 74441, at *1-2; Bossley, 968 S.W.2d at 343; Archibeque, 115 
S.W.3d at 159-60; Lee, 38 S.W.3d at 867.
4.  
San Antonio State Hosp., 47 Tex. Sup. Ct. J. at 221-22, 2004 WL 74441, at 
*1-2 (“The precedential value of [Lowe and Robinson] is . . . 
limited to claims in which a plaintiff alleges that a state actor has provided 
property that lacks an integral safety component and that the lack of this 
integral component led to the plaintiff’s injuries.” (quoting Kerrville 
State Hosp., 923 S.W.2d at 585)); see Robinson, 780 S.W.2d at 171 
(life preserver is integral part of swimming attire); Lowe, 540 S.W.2d at 
300 (protective padding is integral component of football uniform).
5.  
See Tex. Ass’n of Bus. v. Tex. Air Control Bd., 852 S.W.2d 440, 446 
(Tex. 1993).
6.  
See San Antonio State Hosp., 47 Tex. Sup. Ct. J. at 221-22, 2004 WL 
74441, at *1-2.
7.  
San Antonio State Hosp., 47 Tex. Sup. Ct. J. at 221-22, 2004 WL 74441, at 
*1-2 (property that is alleged to have caused injury must be used by 
governmental unit to waive immunity); see Kassen v. Hatley, 887 S.W.2d 4, 
14 (Tex. 1994) (failure to provide medication was nonuse and did not constitute 
“use” of tangible property that caused death); Bonham, 101 S.W.3d at 
159 (layout of facility that was context of injury was not used and thus did not 
bring claim within the Act’s waiver of sovereign immunity).
8.  
See Bossley, 968 S.W.2d at 343; Archibeque, 115 S.W.3d at 160; Lee, 
38 S.W.3d at 868.
9.  
Tex. Civ. Prac. & Rem. Code Ann. § 
101.021(2).  The term “use” means “to put or bring into action or 
service; to employ for or apply to a given purpose.” Marroquin v. Life 
Mgmt. Ctr. for MH/MR Svcs., 927 S.W.2d 228, 230-31 (Tex. App.—El Paso 
1996, writ dism’d w.o.j.) (quoting LeLeaux v. Hamshire-Fannett I.S.D., 
835 S.W.2d 49, 51 (Tex. 1992)).
10.  
San Antonio State Hosp., 47 Tex. Sup. Ct. J. at 221-22, 2004 WL 74441, at 
*1-2; Bossley, 968 S.W.2d at 343; Archibeque, 115 S.W.3d at 
159-60; Lee, 38 S.W.3d at 868.
11.  
Bossley, 968 S.W.2d at 343; Archibeque, 115 S.W.3d at 159; Lee, 
38 S.W.3d at 867.
12.  
See Tex. R. App. P. 47.5.