TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-03-00541-CV






Rosie Vanarsdale, Individually and as Representative of the Estate of Kadrian T.
Vanarsdale, and Vinson Vanarsdale, Appellants


v.


City of Killeen and Andrew Pence, Appellees







FROM THE DISTRICT COURT OF BELL COUNTY, 169TH JUDICIAL DISTRICT

NO. 185,859-C, HONORABLE GORDON G. ADAMS, JUDGE PRESIDING





M E M O R A N D U M O P I N I O N




 This appeal arises from an attempted arrest that culminated with City of Killeen
police sergeant Andrew Pence shooting and killing Kadrian T. Vanarsdale. The district court granted
appellees' motions for summary judgment based on their immunity from the negligence claims made
by Kadrian's parents, Vinson Vanarsdale and Rosie Vanarsdale, individually and as representatives
of Kadrian T. Vanarsdale's estate. The Vanarsdales appeal the summary judgment regarding four
of their claims. They contend that their claims against the City should survive the summary-judgment motion because they raise issues of negligent implementation of policy, not negligent
formulation of policy. They contend that their claims are not defeated by the argument that Pence's
killing of Kadrian T. Vanarsdale was an intentional act. Finally, they claim that, because the sole
basis for the summary judgment favoring Pence is that the court granted the City's motion for
summary judgment, the judgment favoring Pence should be reversed when the summary judgment
favoring the City is reversed. We find that the City's alleged failures to maintain its officers'
equipment, implement or enforce City policy concerning provision and maintenance of equipment,
and supervise its officers to ensure compliance with City policy do not bring Pence's actions within
the scope of a waiver of immunity. Accordingly, we affirm the judgment.


BACKGROUND


 While attempting to arrest Kadrian T. Vanarsdale, Pence used pepper spray to try to
subdue him. Appellants contend that the spray malfunctioned, rendering Kadrian T. Vanarsdale
"blinded and delirious" instead of subdued. They insist that Vanarsdale's violent response and the
malfunctioning spray caused Pence to escalate abruptly to the use of deadly force. Pence shot and
killed Kadrian T. Vanarsdale.

 Appellants sued, alleging that many negligent acts and omissions caused the clearly
foreseeable but unnecessary escalation of force that led Pence to shoot and kill Kadrian T.
Vanarsdale. They contended that the pepper spray canister was not maintained properly, that Pence
knew that his fellow officers had experienced trouble with the canisters, and that Pence never tested
the canister he used against Kadrian T. Vanarsdale. 

 The City and Pence filed several motions for summary judgment. The court
eventually granted summary judgment against all of appellants' claims. The motions relevant to this
appeal are the City's third motion and Pence's second motion. The City contended that it is immune
because the shooting was an intentional tort; the legislature expressly excluded from the waiver of
sovereign immunity any claim arising from an intentional tort. See Tex. Civ. Prac. & Rem. Code
Ann. § 101.057(2) (West 1997). The City alternatively contended that appellants' claims did not fall
within the legislature's waiver of immunity for death resulting from the condition of or use of
tangible personal property. See id. § 101.021(2) (West 1997). The district court granted the City's
motion without stating its basis. Pence asserted that a summary judgment favoring the City would
bar any action involving the same subject matter against him. See Act of May 17, 1985, 69th Leg.,
R.S., ch. 959, § 1, 1985 Tex. Gen. Laws 3242, 3305 ("A judgment in an action or a settlement of a
claim under this chapter bars any action involving the same subject matter by the claimant against
the employee of the governmental unit whose act or omission gave rise to the claim.") (amended
2003) (current version at Tex. Civ. Prac. & Rem. Code Ann. § 101.106 (West Supp. 2004)). (1) Having
granted summary judgment on all claims against the City, the district court granted summary
judgment on the claims against Pence.


DISCUSSION AND CONCLUSION


 Appellants contend that the district court erred by granting summary judgment
because the City acted negligently. They assert that, because the summary judgment favoring Pence
is entirely dependent on the summary judgment favoring the City, we must reverse the judgment for
Pence after we reverse the judgment for the City.

 Because the propriety of a summary judgment is a question of law, we review the trial
court's decision de novo. Natividad v. Alexsis, Inc., 875 S.W.2d 695, 699 (Tex. 1994); Texas Dep't
of Ins. v. American Home Assurance Co., 998 S.W.2d 344, 347 (Tex. App.--Austin 1999, no pet.). 
The standards for reviewing a motion for summary judgment are well established: (1) the movant
has the burden of showing that no genuine issue of material fact exists and that it is entitled to
judgment as a matter of law; (2) in deciding whether there is a disputed material fact issue precluding
summary judgment, evidence favorable to the nonmovant will be taken as true; and (3) every
reasonable inference must be indulged in favor of the nonmovant and any doubts resolved in its
favor. Nixon v. Mr. Prop. Mgmt. Co., 690 S.W.2d 546, 548-49 (Tex. 1985); see also Tex. R. Civ.
P. 166a(c).

 Generally, a Texas city has sovereign immunity from suit unless immunity has been
waived by the legislature. See Texas Natural Res. Conservation Comm'n v. IT-Davy, 74 S.W.3d
849, 853-54 (Tex. 2002); see also Tex. Civ. Prac. & Rem. Code Ann. § 101.001(3)(B) (city is
governmental unit). The legislature has waived sovereign immunity for deaths caused by "a
condition or use of tangible personal or real property" to the extent that a private person would be
liable. See Tex. Civ. Prac. & Rem. Code Ann. § 101.021(2). There are exceptions to the waiver of
liability. See id. § 101.055(3) (West 1997) (chapter "does not apply to a claim arising from . . . the
failure to provide or the method of providing police or fire protection"); id. § 101.057(2) (chapter
does not apply to claim "arising out of . . . intentional tort").

 This appeal concerns paragraphs 6, 8, 9, and 10 of section VII of appellants' fourth
amended petition in which they allege that the City failed to furnish its police officers with properly
functioning pepper spray canisters and that the City failed to act or to implement or enforce a City
policy. (2) Appellants contend that these failures led to the unnecessary escalation of force and the
clearly foreseeable shooting of Kadrian T. Vanarsdale.

 By their second issue, appellants contend that the City waived its immunity by
committing the failures described in paragraphs 6, 8, 9, and 10. They contend that any intentional
act by Pence in shooting Kadrian T. Vanarsdale was only the final link in the causal chain between
the City's negligence and Kadrian T. Vanarsdale's death; thus, they argue, the City cannot bring this
cause within the exception to the immunity waiver for claims arising from intentional torts. See Tex.
Civ. Prac. & Rem. Code Ann. § 101.057(2).

 We need not resolve this issue, as we hold that the summary judgment stands whether
or not Pence committed an intentional tort. The City claimed that the waiver of immunity for death
under the Tort Claims Act does not include the failures to act alleged here because they do not
involve the condition of or use of tangible personal property. See Tex. Civ. Prac. & Rem. Code Ann.
§ 101.021(2). 

 In order to meet the requirements of section 101.021(2)'s waiver of immunity, the
personal injury or death must be caused by "a condition of or use of tangible personal or real
property." The supreme court recently recognized the "difficulties in construing this section that are
intrinsic to its language and history." San Antonio State Hosp. v. Cowan, 128 S.W.3d 244, 247 (Tex.
2004); see also Kerrville State Hosp. v. Clark, 923 S.W.2d 582, 584 (Tex. 1996).

 Paragraphs 9 and 10 of appellants' petition allege that the City failed to enforce its
policy that all officers' equipment be kept in proper order, and that the City failed to supervise Pence
to ensure that he kept his pepper spray in proper order. These claims implicate the definition of
"tangible personal or real property." See Tex. Civ. Prac. & Rem. Code Ann. § 101.021(2). The
supreme court has provided some guidance as to the meaning of these terms in determining that
claims involving a governmental unit's negligent training and supervision of employees do not
involve the "condition or use of tangible personal or real property." See Texas Dep't of Pub. Safety
v. Petta, 44 S.W.3d 575, 580 (Tex. 2001).

 In Petta, a suit was brought against the Texas Department of Public Safety alleging
that the department failed to properly train one of its officers, resulting in his misconduct. Id. The
supreme court explained that supervision and training involve information and that information is
not tangible; rather it is "an abstract concept that lacks corporeal, physical, or palpable qualities." 
Id. Accordingly, the court held that the claims were not cognizable under the Tort Claims Act. See
Tex. Civ. Prac. & Rem. Code Ann. § 101.021(2); Petta, 44 S.W.3d at 580-81. Similarly, appellants'
claims of negligent supervision and enforcement of policy here involve only the exchange of
information regarding the maintenance of pepper spray, not the use of the pepper spray itself. 
Because the enforcement of policy and the act of supervision do not involve tangible property, the
City is entitled to immunity under the Tort Claims Act. See Tex. Civ. Prac. & Rem. Code Ann.
§ 101.021(2); Petta, 44 S.W.3d at 581.

 Appellants contended in paragraphs 6 and 8 of their petition that the City failed to
properly inspect and maintain the pepper spray given to Pence and failed to furnish Pence with a
properly functioning pepper spray. Specifically, the canisters required periodic shaking and testing
to remain effective. These claims hinge on whether the "condition of or use of" the pepper spray
caused the damage.

 Section 101.102(2) waives immunity when the "use" of tangible property causes
death, but not when death is caused by property's "non-use." In Clark, the supreme court held that
the hospital's administration to a patient of an oral anti-psychotic medicine rather than an injectable
drug did not come within the use-of-tangible-property waiver. 923 S.W.2d at 585-56. The court
noted that the plaintiff's claim was not that the oral drug caused any injury, but that the failure to use
the more effective injectable drug caused the patient to murder his wife. Id. at 585. The court
distinguished two cases in which it had previously held that immunity was waived for the reinjury
of a knee occurring after a football coach ordered a player to remove his knee brace, and for the
drowning of an epileptic hospital patient who was not given a life preserver despite the danger of a
seizure causing him to lose consciousness in the water. See id. at 584-85 (citing Lowe v. Texas Tech
Univ., 540 S.W.2d 297, 300 (Tex. 1976); Robinson v. Central Tex. Mental Health & Mental
Retardation Ctr., 780 S.W.2d 169, 171 (Tex. 1989)). The court limited the scope of Lowe and
Robinson "to claims in which a plaintiff alleges that a state actor has provided property that lacks
an integral safety component and that the lack of this integral component led to the plaintiff's
injuries." Clark, 923 S.W.2d at 585.

 The City's failure to furnish Pence with an effective pepper spray is less like the
removed knee brace in Lowe, see 540 S.W.2d at 300, or the withheld life preserver in Robinson, see
780 S.W.2d at 171, and more like the ineffective medicine provided in Clark. See 923 S.W.2d at
585. It is a claim that the City should have provided a more effective pepper spray, not that the
condition of the pepper spray used by Pence caused the injury. Indeed, the Clark court indicated
that, in Lowe and Robinson, it would not have found waiver if the claim was that the state actors
should have provided another knee brace or life preserver that was more effective. Id. Similarly,
the claim that the City failed to properly inspect and maintain the pepper spray complains of the
City's "non-use" of the property rather than its use. See Cowan, 128 S.W.3d at 246 (use means to
"put or bring into action or service; to employ for or apply to a given purpose"). 

 Thus, we conclude that the City's alleged failures to maintain equipment, fully
implement or enforce policies concerning the provision and maintenance of equipment, and
supervise its employees to ensure compliance with those policies do not bring its officer's use of the
malfunctioning pepper spray canister within the waiver of sovereign immunity. We affirm the
summary judgment in favor of the City on this basis.

 Because immunity is not waived under the Tort Claims Act, we need not consider
appellants' first issue contending that their complaints of negligent implementation of policy are not
subject to the exceptions to the waiver for the failure to provide or the method of providing police
protection. See Tex. Civ. Prac. & Rem. Code Ann. § 101.055(3). (3)

 By their third issue, appellants argue that the summary judgment favoring Pence must
fall when the judgment favoring the City falls. Pence's summary judgment is based entirely on the
bar raised by the summary judgment favoring the City. See Act of June 2, 2003, 78th Leg., R.S., ch.
204, § 11.05, 2003 Tex. Gen. Laws 847, 886. Because we have affirmed the summary judgment
favoring the City, however, we also affirm the summary judgment favoring Pence. See § 1, 1985
Tex. Gen. Laws at 3305; Dallas County Mental Health & Mental Retardation v. Bossley, 968
S.W.2d 339, 343-44 (Tex. 1998).

 Having resolved all necessary issues in favor of the judgment, we affirm the summary
judgment in all respects.



 

 Bea Ann Smith, Justice

Before Justices Kidd, B. A. Smith, and Pemberton

Affirmed

Filed: July 15, 2004

1. The former provision applies to these summary judgments granted in May 2003. The 2003
amendment was effective September 1, 2003. See Act of June 2, 2003, 78th Leg., R.S., ch. 204,
§ 11.05, 2003 Tex. Gen. Laws 847, 886. 
2. The relevant paragraphs allege that the City was "wrongful, neglectful, careless, and/or
negligent" in the following ways:


 (6) failing to properly maintain and inspect its OC canisters (pepper spray) to
[e]nsure that they functioned properly when it knew that said canisters had
malfunctioned, prior to July 16, 2000, and knew or should have known that
the failure to properly maintain the OC canisters would impede/impair its
police officers, including Andrew Pence, in the performance of their job
duties, which included, among other things, the proper application of the
use of force continuum as found in the departmental policy to restrain and
even detain an individual like Kadrian T. Vanarsdale, while performing
their duties as police officers with the City of Killeen Police Department. 
Said failure to maintain and/or inspect the functioning of the OC canisters
resulted in an unnecessary escalation of force along the use of force
continuum, which resulted in the unnecessary and unjustified use of force
that ultimately resulted in the wrongful death of Kadrian T. Vanarsdale;


 . . . .


 (8) failing to furnish its police officers with proper functioning OC canisters,
when it knew or upon reasonable inspection should have known that the
canisters did not and were not functioning properly. Said failure resulted
in unnecessary, unjustified and unwarranted escalation of force, which
resulted in the wrongful death of Kadrian T. Vanarsdale;


 (9) failing to enforce departmental policies, which required that all department
equipment issued to employees, including Andrew Pence, shall be
maintained in proper order. Said failure was a proximate cause of the
unnecessary escalation of force, which resulted in the clearly foreseeable
shooting death of Kadrian T. Vanarsdale; and


(10) The City of Killeen's Departmental Policy required that all department
equipment issued to employees shall be maintained in proper order, despite
said policy and knowledge that the OC canisters were malfunctioning prior
to July 16, 2000, the City of Killeen failed to properly supervise its
employees, including Andrew Pence to ensure that its employees were
complying with the policy to maintain its equipment, which included the
OC canisters in proper order. Said failure was a proximate cause of the
occurrence in question, in that it led to an unnecessary escalation of force
and the unnecessary and clearly foreseeable shooting death of Kadrian T.
Vanarsdale.
3. We note that the City concedes on appeal that its motion for summary judgment on the
basis of section 101.055(3) did not apply to paragraphs 6, 8, 9, and 10 (although the motion itself
does not specify to which allegations that portion of the motion applies).