# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-03-00541-CV

**Rosie Vanarsdale, Individually and as Representative of the Estate of Kadrian T. Vanarsdale, and Vinson Vanarsdale, Appellants**

**v.**

**City of Killeen and Andrew Pence, Appellees**

**FROM THE DISTRICT COURT OF BELL COUNTY, 169TH JUDICIAL DISTRICT
NO. 185,859-C, HONORABLE GORDON G. ADAMS, JUDGE PRESIDING**

## M E M O R A N D U M   O P I N I O N

This appeal arises from an attempted arrest that culminated with City of Killeen police sergeant Andrew Pence shooting and killing Kadrian T. Vanarsdale. The district court granted appellees' motions for summary judgment based on their immunity from the negligence claims made by Kadrian's parents, Vinson Vanarsdale and Rosie Vanarsdale, individually and as representatives of Kadrian T. Vanarsdale's estate. The Vanarsdales appeal the summary judgment regarding four of their claims. They contend that their claims against the City should survive the summary-judgment motion because they raise issues of negligent implementation of policy, not negligent formulation of policy. They contend that their claims are not defeated by the argument that Pence's killing of Kadrian T. Vanarsdale was an intentional act. Finally, they claim that, because the sole

basis for the summary judgment favoring Pence is that the court granted the City's motion for summary judgment, the judgment favoring Pence should be reversed when the summary judgment favoring the City is reversed. We find that the City's alleged failures to maintain its officers' equipment, implement or enforce City policy concerning provision and maintenance of equipment, and supervise its officers to ensure compliance with City policy do not bring Pence's actions within the scope of a waiver of immunity. Accordingly, we affirm the judgment.

## BACKGROUND

While attempting to arrest Kadrian T. Vanarsdale, Pence used pepper spray to try to subdue him. Appellants contend that the spray malfunctioned, rendering Kadrian T. Vanarsdale "blinded and delirious" instead of subdued. They insist that Vanarsdale's violent response and the malfunctioning spray caused Pence to escalate abruptly to the use of deadly force. Pence shot and killed Kadrian T. Vanarsdale.

Appellants sued, alleging that many negligent acts and omissions caused the clearly foreseeable but unnecessary escalation of force that led Pence to shoot and kill Kadrian T. Vanarsdale. They contended that the pepper spray canister was not maintained properly, that Pence knew that his fellow officers had experienced trouble with the canisters, and that Pence never tested the canister he used against Kadrian T. Vanarsdale.

The City and Pence filed several motions for summary judgment. The court eventually granted summary judgment against all of appellants' claims. The motions relevant to this appeal are the City's third motion and Pence's second motion. The City contended that it is immune because the shooting was an intentional tort; the legislature expressly excluded from the waiver of

2

sovereign immunity any claim arising from an intentional tort. *See* Tex. Civ. Prac. & Rem. Code Ann. § 101.057(2) (West 1997). The City alternatively contended that appellants' claims did not fall within the legislature's waiver of immunity for death resulting from the condition of or use of tangible personal property. *See id*. § 101.021(2) (West 1997). The district court granted the City's motion without stating its basis. Pence asserted that a summary judgment favoring the City would bar any action involving the same subject matter against him. *See* Act of May 17, 1985, 69th Leg., R.S., ch. 959, § 1, 1985 Tex. Gen. Laws 3242, 3305 ("A judgment in an action or a settlement of a claim under this chapter bars any action involving the same subject matter by the claimant against the employee of the governmental unit whose act or omission gave rise to the claim.") (amended 2003) (current version at Tex. Civ. Prac. & Rem. Code Ann. § 101.106 (West Supp. 2004)).[1] Having granted summary judgment on all claims against the City, the district court granted summary judgment on the claims against Pence.

## DISCUSSION AND CONCLUSION

Appellants contend that the district court erred by granting summary judgment because the City acted negligently. They assert that, because the summary judgment favoring Pence is entirely dependent on the summary judgment favoring the City, we must reverse the judgment for Pence after we reverse the judgment for the City.

Because the propriety of a summary judgment is a question of law, we review the trial court's decision de novo. *Natividad v. Alexsis, Inc.*, 875 S.W.2d 695, 699 (Tex. 1994); *Texas Dep't*

---

[1] The former provision applies to these summary judgments granted in May 2003. The 2003 amendment was effective September 1, 2003. *See* Act of June 2, 2003, 78th Leg., R.S., ch. 204, § 11.05, 2003 Tex. Gen. Laws 847, 886.

*of Ins. v. American Home Assurance Co.*, 998 S.W.2d 344, 347 (Tex. App.—Austin 1999, no pet.). The standards for reviewing a motion for summary judgment are well established: (1) the movant has the burden of showing that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law; (2) in deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the nonmovant will be taken as true; and (3) every reasonable inference must be indulged in favor of the nonmovant and any doubts resolved in its favor. *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548-49 (Tex. 1985); *see also* Tex. R. Civ. P. 166a(c).

Generally, a Texas city has sovereign immunity from suit unless immunity has been waived by the legislature. *See Texas Natural Res. Conservation Comm'n v. IT-Davy*, 74 S.W.3d 849, 853-54 (Tex. 2002); *see also* Tex. Civ. Prac. & Rem. Code Ann. § 101.001(3)(B) (city is governmental unit). The legislature has waived sovereign immunity for deaths caused by "a condition or use of tangible personal or real property" to the extent that a private person would be liable. *See* Tex. Civ. Prac. & Rem. Code Ann. § 101.021(2). There are exceptions to the waiver of liability. *See id.* § 101.055(3) (West 1997) (chapter "does not apply to a claim arising from . . . the failure to provide or the method of providing police or fire protection"); *id.* § 101.057(2) (chapter does not apply to claim "arising out of . . . intentional tort").

This appeal concerns paragraphs 6, 8, 9, and 10 of section VII of appellants' fourth amended petition in which they allege that the City failed to furnish its police officers with properly functioning pepper spray canisters and that the City failed to act or to implement or enforce a City

4

policy.[2]  Appellants contend that these failures led to the unnecessary escalation of force and the

clearly foreseeable shooting of Kadrian T. Vanarsdale.

---

[2] The relevant paragraphs allege that the City was "wrongful, neglectful, careless, and/or negligent" in the following ways:

(6) failing to properly maintain and inspect its OC canisters (pepper spray) to [e]nsure that they functioned properly when it knew that said canisters had malfunctioned, prior to July 16, 2000, and knew or should have known that the failure to properly maintain the OC canisters would impede/impair its police officers, including Andrew Pence, in the performance of their job duties, which included, among other things, the proper application of the use of force continuum as found in the departmental policy to restrain and even detain an individual like Kadrian T. Vanarsdale, while performing their duties as police officers with the City of Killeen Police Department. Said failure to maintain and/or inspect the functioning of the OC canisters resulted in an unnecessary escalation of force along the use of force continuum, which resulted in the unnecessary and unjustified use of force that ultimately resulted in the wrongful death of Kadrian T. Vanarsdale;

. . . .

(8) failing to furnish its police officers with proper functioning OC canisters, when it knew or upon reasonable inspection should have known that the canisters did not and were not functioning properly. Said failure resulted in unnecessary, unjustified and unwarranted escalation of force, which resulted in the wrongful death of Kadrian T. Vanarsdale;

(9) failing to enforce departmental policies, which required that all department equipment issued to employees, including Andrew Pence, shall be maintained in proper order. Said failure was a proximate cause of the unnecessary escalation of force, which resulted in the clearly foreseeable shooting death of Kadrian T. Vanarsdale; and

(10) The City of Killeen's Departmental Policy required that all department equipment issued to employees shall be maintained in proper order, despite said policy and knowledge that the OC canisters were malfunctioning prior to July 16, 2000, the City of Killeen failed to properly supervise its employees, including Andrew Pence to ensure that its employees were complying with the policy to maintain its equipment, which included the OC canisters in proper order. Said failure was a proximate cause of the occurrence in question, in that it led to an unnecessary escalation of force and the unnecessary and clearly foreseeable shooting death of Kadrian T. Vanarsdale.

5

By their second issue, appellants contend that the City waived its immunity by committing the failures described in paragraphs 6, 8, 9, and 10. They contend that any intentional act by Pence in shooting Kadrian T. Vanarsdale was only the final link in the causal chain between the City's negligence and Kadrian T. Vanarsdale's death; thus, they argue, the City cannot bring this cause within the exception to the immunity waiver for claims arising from intentional torts. *See* Tex. Civ. Prac. & Rem. Code Ann. § 101.057(2).

We need not resolve this issue, as we hold that the summary judgment stands whether or not Pence committed an intentional tort. The City claimed that the waiver of immunity for death under the Tort Claims Act does not include the failures to act alleged here because they do not involve the condition of or use of tangible personal property. *See* Tex. Civ. Prac. & Rem. Code Ann. § 101.021(2).

In order to meet the requirements of section 101.021(2)'s waiver of immunity, the personal injury or death must be caused by "a condition of or use of tangible personal or real property." The supreme court recently recognized the "difficulties in construing this section that are intrinsic to its language and history." *San Antonio State Hosp. v. Cowan*, 128 S.W.3d 244, 247 (Tex. 2004); *see also Kerrville State Hosp. v. Clark*, 923 S.W.2d 582, 584 (Tex. 1996).

Paragraphs 9 and 10 of appellants' petition allege that the City failed to enforce its policy that all officers' equipment be kept in proper order, and that the City failed to supervise Pence to ensure that he kept his pepper spray in proper order. These claims implicate the definition of "tangible personal or real property." *See* Tex. Civ. Prac. & Rem. Code Ann. § 101.021(2). The supreme court has provided some guidance as to the meaning of these terms in determining that

6

claims involving a governmental unit's negligent training and supervision of employees do not involve the "condition or use of tangible personal or real property." *See Texas Dep't of Pub. Safety v. Petta*, 44 S.W.3d 575, 580 (Tex. 2001).

In *Petta*, a suit was brought against the Texas Department of Public Safety alleging that the department failed to properly train one of its officers, resulting in his misconduct. *Id.* The supreme court explained that supervision and training involve information and that information is not tangible; rather it is "an abstract concept that lacks corporeal, physical, or palpable qualities." *Id.* Accordingly, the court held that the claims were not cognizable under the Tort Claims Act. *See* Tex. Civ. Prac. & Rem. Code Ann. § 101.021(2); *Petta*, 44 S.W.3d at 580-81. Similarly, appellants' claims of negligent supervision and enforcement of policy here involve only the exchange of information regarding the maintenance of pepper spray, not the use of the pepper spray itself. Because the enforcement of policy and the act of supervision do not involve tangible property, the City is entitled to immunity under the Tort Claims Act. *See* Tex. Civ. Prac. & Rem. Code Ann. § 101.021(2); *Petta*, 44 S.W.3d at 581.

Appellants contended in paragraphs 6 and 8 of their petition that the City failed to properly inspect and maintain the pepper spray given to Pence and failed to furnish Pence with a properly functioning pepper spray. Specifically, the canisters required periodic shaking and testing to remain effective. These claims hinge on whether the "condition of or use of" the pepper spray caused the damage.

Section 101.102(2) waives immunity when the "use" of tangible property causes death, but not when death is caused by property's "non-use." In *Clark*, the supreme court held that

7

the hospital's administration to a patient of an oral anti-psychotic medicine rather than an injectable drug did not come within the use-of-tangible-property waiver. 923 S.W.2d at 585-56. The court noted that the plaintiff's claim was not that the oral drug caused any injury, but that the failure to use the more effective injectable drug caused the patient to murder his wife. *Id.* at 585. The court distinguished two cases in which it had previously held that immunity was waived for the reinjury of a knee occurring after a football coach ordered a player to remove his knee brace, and for the drowning of an epileptic hospital patient who was not given a life preserver despite the danger of a seizure causing him to lose consciousness in the water. *See id.* at 584-85 (citing *Lowe v. Texas Tech Univ.*, 540 S.W.2d 297, 300 (Tex. 1976); *Robinson v. Central Tex. Mental Health & Mental Retardation Ctr.*, 780 S.W.2d 169, 171 (Tex. 1989)). The court limited the scope of *Lowe* and *Robinson* "to claims in which a plaintiff alleges that a state actor has provided property that lacks an integral safety component and that the lack of this integral component led to the plaintiff's injuries." *Clark*, 923 S.W.2d at 585.

The City's failure to furnish Pence with an effective pepper spray is less like the removed knee brace in *Lowe*, *see* 540 S.W.2d at 300, or the withheld life preserver in *Robinson*, *see* 780 S.W.2d at 171, and more like the ineffective medicine provided in *Clark*. *See* 923 S.W.2d at 585. It is a claim that the City should have provided a more effective pepper spray, not that the condition of the pepper spray used by Pence caused the injury. Indeed, the *Clark* court indicated that, in *Lowe* and *Robinson*, it would not have found waiver if the claim was that the state actors should have provided another knee brace or life preserver that was more effective. *Id.* Similarly, the claim that the City failed to properly inspect and maintain the pepper spray complains of the

8

City's "non-use" of the property rather than its use. *See Cowan*, 128 S.W.3d at 246 (use means to "put or bring into action or service; to employ for or apply to a given purpose").

Thus, we conclude that the City's alleged failures to maintain equipment, fully implement or enforce policies concerning the provision and maintenance of equipment, and supervise its employees to ensure compliance with those policies do not bring its officer's use of the malfunctioning pepper spray canister within the waiver of sovereign immunity. We affirm the summary judgment in favor of the City on this basis.

Because immunity is not waived under the Tort Claims Act, we need not consider appellants' first issue contending that their complaints of negligent implementation of policy are not subject to the exceptions to the waiver for the failure to provide or the method of providing police protection. *See* Tex. Civ. Prac. & Rem. Code Ann. § 101.055(3).[3]

By their third issue, appellants argue that the summary judgment favoring Pence must fall when the judgment favoring the City falls. Pence's summary judgment is based entirely on the bar raised by the summary judgment favoring the City. *See* Act of June 2, 2003, 78th Leg., R.S., ch. 204, § 11.05, 2003 Tex. Gen. Laws 847, 886. Because we have affirmed the summary judgment favoring the City, however, we also affirm the summary judgment favoring Pence. *See* § 1, 1985 Tex. Gen. Laws at 3305; *Dallas County Mental Health & Mental Retardation v. Bossley*, 968 S.W.2d 339, 343-44 (Tex. 1998).

---

[3] We note that the City concedes on appeal that its motion for summary judgment on the basis of section 101.055(3) did not apply to paragraphs 6, 8, 9, and 10 (although the motion itself does not specify to which allegations that portion of the motion applies).

Having resolved all necessary issues in favor of the judgment, we affirm the summary judgment in all respects.

_____

Bea Ann Smith, Justice

Before Justices Kidd, B. A. Smith, and Pemberton

Affirmed

Filed:   July 15, 2004