Opinion filed March 30, 2006












 
 
  
 
 







 
 
  
 
 




Opinion filed March 30, 2006

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh Court of Appeals

                                                                   __________

 

                                                          No. 11-05-00225-CV 

 

                                                    __________

 

          STEVE ALAN GARRETT AND TROYLAN GARRETT, Appellants

 

                                                             V.

 

                        ECTOR
COUNTY HOSPITAL DISTRICT D/B/A 

                             MEDICAL
CENTER HOSPITAL, Appellee

 



 

                                         On
Appeal from the 244th District Court

 

                                                           Ector
County, Texas

 

                                              Trial
Court Cause No. C-116,072-A

 



 

                                              M E M O R A N D U M  O P I N I O N

 

Steve Alan Garrett and Troylan Garrett appeal a
final summary judgment in favor of Ector County Hospital District d/b/a Medical
Center Hospital (Medical Center Hospital) on a claim for personal injury.  We affirm. 








On December 12, 2001, Steve Alan Garrett was
admitted to the Medical Center Hospital in Ector County for surgery on his
right arm.  The purpose of the surgery
was to remove the dysfunctional orthopedic hardware already in Steve=s arm and to work on a fractured bone
in his arm.  Dr. Orlando T. Garza, the
orthopedic surgeon who performed the surgery on Steve, was on the medical staff
of Medical Center Hospital but was not an employee of the hospital.

Dr. Garza used a device called the Bovie during
the surgery.  The Bovie, in very basic
terms, is a metal wand attached to and heated by a power box used to cut and to
cauterize.  During the surgery, Dr. Garza
laid the Bovie on top of Steve.  Dr.
Garza asked the operating personnel to not remove the Bovie because he was
still in the process of using it.  The
Bovie had an Aon and
off@ switch, which was activated when other
surgical equipment was set on top of Steve. 
As a result, Steve suffered a burn to his penis.

The Garretts brought a personal injury action
against Medical Center Hospital asserting, among other things, that Steve was
injured when Medical Center Hospital employees failed to provide or utilize a
safety holster for the Bovie.  Medical
Center Hospital filed a traditional motion for summary judgment asserting that
it has no liability because the Garretts=
claims do not fit within the waiver of sovereign immunity under the Texas Tort
Claims Act.  Tex. Civ. Prac. & Rem. Code Ann. '
101.021 (Vernon 2005).   The trial court
granted summary judgment in favor of Medical Center Hospital.

In their sole issue on appeal, the Garretts
contend there was a question of material fact as to whether Medical Center Hospital
is liable for its employees=
use of tangible personal property under the Texas Tort Claims act sufficient to
defeat summary judgment.

In order to determine if the trial court erred in
granting the motion for summary judgment, we must consider the summary judgment
evidence in the light most favorable to the nonmovant, indulging all reasonable
inferences in favor of the nonmovant, and determine whether the movant proved
that there was no genuine issue of material fact and that it was entitled to
judgment as a matter of law.  Nixon v.
Mr. Prop. Mgmt. Co., 690 S.W.2d 546 (Tex. 1985); City of Houston v.
Clear Creek Basin Auth., 589 S.W.2d 671 (Tex. 1979).








The county hospital, a governmental unit, is immune
from liability for Steve=s
injuries unless that immunity is waived by the Texas Tort Claims Act.  Dallas County Mental Health & Mental
Retardation v. Bossley, 968 S.W.2d 339, 341 (Tex. 1998); City of LaPorte
v. Barfield, 898 S.W.2d 288, 291 (Tex. 1995).  Waiver of immunity under the Texas Tort
Claims Act is limited.  Section
101.021.  As it pertains to this case,
the Texas Tort Claims Act provides that the county hospital is liable for
personal injury so caused by a condition or use of tangible personal property
if the county hospital would, were it a private person, be liable to the
claimant according to Texas law.  Section
101.021(2); Bossley, 968 S.W.2d at 343; Kerrville State Hosp. v.
Clark, 923 S.W.2d 582, 584 (Tex. 1996). 
The Texas Supreme Court defines Ause@ as Ato
put or bring [the property] into action or service; to employ for or apply to a
given purpose.@  San Antonio State Hosp. v. Cowan, 128
S.W.3d 244, 246 (Tex. 2004).  The Texas
Supreme Court has interpreted Section 101.021(2) to require that the
governmental employee Ause@ the tangible personal property.  Id.

The Garretts argue that the failure of the
hospital employees to holster the Bovie which caused the injury amounts to use
of tangible personal property under the Texas Tort Claims Act and, thus, a
waiver of governmental immunity by Medical Center Hospital.  It is clear from the record that only Dr.
Garza used the Bovie and that he further instructed the operating room
personnel to leave the device where he placed it C
on top of Steve.  The hospital employees
did not Ause@ property within the meaning of Section
101.021(2) by not requiring Dr. Garza to use the Bovie holster.  Accordingly, we hold that the Garretts did
not demonstrate a waiver of immunity by Medical Center Hospital.  The summary judgment in favor of Medical
Center Hospital was proper. 

           The judgment of
the trial court is affirmed.

 

 

JIM R. WRIGHT

CHIEF JUSTICE

 

March 30, 2006 

Panel
consists of:  Wright, C.J., and

McCall,
J., and Strange, J.