

# IN THE
# TENTH COURT OF APPEALS

## No. 10-19-00098-CV

**TEXAS DEPARTMENT OF CRIMINAL JUSTICE,**

                                       **Appellant**

 **v.**

**JAMES CHARLES PIKE,**

                                       **Appellee**

---

**From the 278th District Court**
**Walker County, Texas**
**Trial Court No. 1929073**

---

## MEMORANDUM OPINION

---

The Texas Department of Criminal Justice appeals from the trial court's denial of TDCJ's plea to the jurisdiction filed in a suit against it by James Charles Pike, a prison inmate. Because the trial court erred in denying TDCJ's plea, the trial court's order is reversed and this case is remanded to the trial court for further proceedings.

**BACKGROUND**

According to Pike's petition, Pike suffered permanent bodily injury to his eye while on work duty as a tractor operator at the prison unit. On the day of the injury, Pike

signed out the keys to one of TDCJ's tractors which Pike regularly operated. Pike then walked outside to board the tractor which had several climbing steps extending from the tractor's side. After climbing the initial steps of the tractor, Pike came to the final step, which, he claimed, had not been properly secured due to a defective latch or similar faulty mechanism. When Pike stepped on the final step, the step gave way, causing Pike to fall. Pike's left cheekbone area under his eye hit the top of the tractor just above the hand-grab bar. Pike fell from the tractor onto the ground, landing on his back. After a few seconds on the ground, Pike noticed that his face was bleeding and his eye was swelling.

Pike immediately returned to the tractor squad office where he reported the incident and injuries to TDCJ employee Marvin Carter. Carter requested Pike's tractor keys before they could seek medical attention; so, Carter and Pike walked together back to the tractor where Carter saw the top step on the ground near Pike's tractor keys. Pike was treated at the prison before later being transferred to UTMB Galveston. To the best of Pike's memory, Pike was diagnosed with orbital floor fracture and ocular muscle entrapment which caused Pike permanent double vision and eyeball displacement.

Pike sued TDCJ, alleging two causes of action for which he claimed TDCJ's sovereign or governmental immunity was waived: the negligent use of a motor-driven vehicle and/or motor-driven equipment and the negligent use of tangible personal property. TDCJ filed a plea to the jurisdiction which the trial court denied without giving Pike time to respond.

**PLEA TO THE JURISDICTION**

In one issue on appeal, TDCJ contends the trial court erred in denying TDCJ's plea to the jurisdiction because TDCJ did not waive sovereign immunity under the Tort Claims Act. *See* TEX. CIV. PRAC. & REM. CODE § 101.021(1)(A) and (2).

We review a trial court's ruling on a plea to the jurisdiction de novo. *Hous. Belt & Terminal Ry. Co. v. City of Hous.*, 487 S.W.3d 154, 160 (Tex. 2016). When a plea to the jurisdiction challenges the pleadings, as TDCJ's plea does,[1] we determine whether the plaintiff has met his burden of alleging facts affirmatively demonstrating the trial court's subject-matter jurisdiction by alleging a valid waiver of immunity. *See Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004); *Dallas Area Rapid Transit v. Whitley*, 104 S.W.3d 540, 542 (Tex. 2003). We construe the pleadings liberally in the plaintiff's favor, accept all factual allegations as true, and look to the plaintiff's intent. *Heckman v. Williamson Cty.*, 369 S.W.3d 137, 150 (Tex. 2012).

The Texas Tort Claims Act generally affords a limited waiver of sovereign immunity when, as limited by Pike's causes of action, either (1) personal injury is proximately caused by the negligence of an employee acting within his scope of employment if the personal injury arises from the use of a motor-driven vehicle or motor-driven equipment, and the employee would be personally liable to the claimant according to Texas law; or (2) personal injury is caused by the use of tangible personal property if the governmental unit would, were it a private person, be liable to the

---

[1] TDCJ did not challenge the existence of jurisdictional facts and no evidence was submitted by either party. *See Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 227 (Tex. 2004).

claimant according to Texas law. *See* TEX. CIV. PRAC. & REM. CODE § 101.021(1)(A) & (2).

NEGLIGENT USE OF A MOTOR-DRIVEN VEHICLE OR EQUIPMENT.

Pike's first cause of action raised in his petition was "Negligent Use of a Motor-Driven Vehicle and/or Motor-Driven Equipment." *See* TEX. CIV. PRAC. & REM. CODE § 101.021(1)(A). Pike alleged that TDCJ was negligent in placing the tractor into operation because of its known defective and dangerous condition. He contends TDCJ personnel "actively placed" the tractor into operation and intended Pike to use the tractor assigned to him. TDCJ argued in its plea to the jurisdiction that Pike did not allege a "use" of the tractor by a TDCJ employee which would waive TDCJ's immunity under subsection (1)(A).[2]

As the Texas Supreme Court has recently stated, the word "use" is nothing but a common, everyday word, and we should strive to give such simple words a simple construction, rather than converting them into terms of art. *PHI, Inc. v. Tex. Juvenile Justice Dep't*, 593 S.W.3d 296, 303 (Tex. 2019). "Use" is generally defined as "to put or bring into action or service; to employ for or apply to a given purpose." *Mount Pleasant Indep. Sch. Dist. v. Estate of Lindburg*, 766 S.W.2d 208, 211 (Tex. 1989). Although "active" employment of a government vehicle "at the time of the incident" is an important consideration in determining whether an alleged injury arises from the use of a vehicle or equipment, it is

---

[2] Pike only alleged use, not operation of a motor-driven vehicle or equipment. Likewise, TDCJ only argued against use, not operation.

not itself the rule of decision. *Id.* at 305.[3] However, the required use, in the context of section 101.021(1), is that of the governmental employee, not the injured party. *LeLeaux v. Hamshire-Fannett Indep. Sch. Dist.*, 835 S.W.2d 49, 51 (Tex. 1992).

*Application*

The only factual allegations of how Pike came to be on the tractor are that Pike signed out the keys to one of TDCJ's tractors which he regularly operated, walked outside to board the tractor, climbed the steps of the tractor, and "fell upon arriving at the final step" because the step gave way. Even taking these facts as true, no TDCJ employee was alleged to have done anything that might be considered a use of the tractor. Thus, Pike did not allege facts affirmatively demonstrating a valid waiver of immunity, and the trial court erred in denying TDCJ's plea to the jurisdiction as to Pike's negligent use of a motor-driven vehicle/motor-driven equipment cause of action.

NEGLIGENT USE OF TANGIBLE PERSONAL PROPERTY

Pike's second cause of action raised was "Negligent Use of Tangible Personal Property." *See* TEX. CIV. PRAC. & REM. CODE § 101.021(2). Pike alleged that TDCJ was negligent in the use and maintenance of the tractor, and such negligence caused Pike's injury. Specifically, Pike alleged that, given TDCJ's knowledge that another inmate had been injured on the same tractor weeks earlier, TDCJ's failure to properly maintain, repair, and/or sufficiently inspect the tractor before further use caused Pike to suffer

---

[3] For example, in *PHI*, although the government vehicle was not being driven at the time of the injury, the Court held that it was being used or operated because an essential part of the operation or use of the vehicle was ensuring it did not roll away when parked.

bodily injury. Again, TDCJ argued in its plea to the jurisdiction that the tractor was not "used" by a TDCJ employee in a manner which would have waived immunity under section 101.021(2).

"Use" under subsection (2) is defined in the same manner as in subsection (1). *San Antonio State Hosp. v. Cowan*, 128 S.W.3d 244, 246 (Tex. 2004). Likewise, the governmental unit must also be the one to "use" the tangible personal property to waive immunity under subsection (2). *Id.* at 245-246. However, the Texas Supreme Court has been withdrawing from this straightforward interpretation of whose use is required for purposes of section 101.021(2) and has held that, in certain situations, if a governmental employee authorizes, directs, or orders another, including the injured party, to put or bring into action or service or employ for or apply to a given purpose personal property, the property has been "used" for the purposes of the statute. *See Tex. Dep't of Criminal Justice v. Rangel*, 595 S.W.3d 198, 206 (Tex. 2020) ("Where, as here, a governmental unit authorizes or orders an employee to use tangible personal property for a specific purpose, that governmental unit has "used" the tangible personal property for purposes of the Act's waiver."); *Univ. of Tex. M.D. Anderson Cancer Ctr. v. McKenzie*, 578 S.W.3d 506, 518 (Tex. 2019) (plaintiff adequately alleged Hospital "used" property, a carrier agent to disperse medication, that was improper under the circumstances and that such use caused harm). *See also Univ. of Tex. M.D. Anderson Cancer Ctr. v. Jones*, 485 S.W.3d 145, 151 (Tex. App.— Houston [14th Dist.] 2016, pet. denied) ("By giving [plaintiff] the drug and directing her to take it for the purposes of quitting smoking and conducting its study, UTMDA put the drug into service and employed it for a given purpose as those concepts are commonly

understood."); *Tex. State Tech. Coll. v. Beavers*, 218 S.W.3d 258, 267 (Tex. App.—Texarkana 2007, no pet.) (noting that a governmental unit "uses" tangible personal property when it "puts it into service for use by another [not an employee] with full knowledge of its intended use," and "instructs the manner of its use").[4]

The only additional facts pled by Pike for this cause of action were that TDCJ knew about the unsecured step because another inmate was injured on the same step of the same tractor a few weeks earlier, and the tractor "was, allegedly, taken out of operation for a few days to be repaired" and inspected "by TDCJ employees" before it was returned to service. Nevertheless, Pike's pleadings for the second cause of action suffer the same defects as his first cause of action: the pleadings do not allege facts that a TDCJ employee *used* the tractor as "use" has been traditionally defined,[5] or *used* by authorizing, directing or ordering Pike to *use* the tractor, as "use" has been traditionally defined. Thus, Pike has not alleged facts affirmatively demonstrating a valid waiver of immunity regarding the use of personal property pursuant to section 101.021(2) of the Tort Claims Act.

Pike also alleges negligent maintenance by TDCJ. Maintenance, however, is not a "use" under the Tort Claims Act, *see Tex. Juvenile Justice Dep't v. PHI, Inc.*, 537 S.W.3d 707, 713 (Tex. App.—Fort Worth 2017), *overruled on other grounds*, *PHI, Inc. v. Tex. Juvenile Justice Dep't*, 593 S.W.3d 296, 305 (Tex. 2019), and we have no authority to engraft "maintenance" into the statute as a means to waive sovereign immunity. *PHI*, 593 S.W.3d

---

[4] These courts of appeals opinions were cited with approval in *Rangle*. Because Pike does not allege facts supporting a waiver of immunity under section 101.021(2), we express no opinion on the value of these opinions as they relate to Pike's lawsuit.

[5] "to put or bring into action or service; to employ for or apply to a given purpose."

at 305 ("no court has the authority, under the guise of interpreting a statute, to engraft extra-statutory requirements not found in a statute's text").

In his brief, Pike contends that the defective step on the tractor is a "condition" of the tractor which waives immunity. *See* Tex. Civ. Prac. & Rem. Code § 101.021(2) ("personal injury … so caused by a condition … of tangible personal … property…."). Pike did not raise that theory in his original petition; and thus, we will not consider it. *See Tex. Nat. Res. Conservation Comm'n v. White*, 46 S.W.3d 864, 870 (Tex. 2001).

Accordingly, because Pike did not allege facts affirmatively demonstrating a valid waiver of immunity pursuant to section 101.021(2) of the Tort Claims Act, the trial court erred in denying TDCJ's plea to the jurisdiction regarding Pike's negligent use of tangible personal property claim.

## DISMISS OR REMAND

In his brief, Pike requests a remand for the opportunity to amend his petition in response to TDCJ's plea to the jurisdiction should we determine the trial court erred in denying the plea.

A pleader must be given an opportunity to amend in response to a plea to the jurisdiction only if it is possible to cure a pleading defect. *Tex. A&M Univ. Sys. v. Koseoglu*, 233 S.W.3d 835, 840 (Tex. 2007). However, a plaintiff's suit should be dismissed when either the pleadings alone or the jurisdictional evidence demonstrates that the plaintiff's suit incurably falls outside any waiver of sovereign immunity. *Id.* Although the factual allegations in Pike's Original Petition do not demonstrate a waiver of immunity, neither do they affirmatively negate waiver. Further, Pike never had the opportunity to amend

his pleading in response to TDCJ's plea to the jurisdiction because the trial court ruled on the plea three days after its filing. Accordingly, Pike is entitled to amend his petition, if he can, to allege jurisdictional facts of (1) a use by a TDCJ employee, as we have described, of a motor-driven vehicle or motor-driven equipment; and (2) a use by a TDCJ employee, as we have described, of tangible personal property.

## CONCLUSION

Having found that the trial court erred in denying TDCJ's plea to the jurisdiction but that Pike's pleading deficiencies might be cured, we reverse the trial court's Order and remand this case to the trial court for further proceedings consistent with this opinion.

TOM GRAY
Chief Justice

Before Chief Justice Gray,
     Justice Davis, and
     Justice Neill
Reversed and remanded
Opinion delivered and filed October 28, 2020
[CV06]

