# NO. 12-07-00418-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *RANDY WAYNE CHAPMAN,*<br>*APPELLANT* | § | *APPEAL FROM THE 369TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT OF* |
| *TEXAS DEPARTMENT OF*<br>*CRIMINAL JUSTICE–*<br>*INSTITUTIONAL DIVISION,*<br>*APPELLEE* | § | *ANDERSON COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

Randy Wayne Chapman appeals the dismissal of his civil suit against the Texas Department of Criminal Justice–Institutional Division. In one issue, Chapman argues that the trial court erred by dismissing his lawsuit because the claim was not substantially similar to a previously filed claim and the claim's ultimate chance of success is not slight. We affirm.

### BACKGROUND

On January 21, 2007, Chapman, an inmate in the Michael Unit of the Texas Department of Criminal Justice–Institutional Division (TDCJ), was cleaning windows, vents, and light fixtures. To perform these tasks, Chapman used an extension ladder provided to him by TDCJ. Although initially supervised by a TDCJ employee and assisted by another inmate, eventually these individuals left the area while Chapman remained on the ladder without supervision or assistance. The ladder slid backwards, causing Chapman to fall and suffer injuries.

Chapman, proceeding pro se, filed this in forma pauperis lawsuit against TDCJ seeking damages for injuries he sustained in his fall. On October 15, 2007, the trial court dismissed

Chapman's suit without prejudice because the claim was substantially similar to a previous claim brought by Chapman and the realistic chance of ultimate success on the claim was slight. This appeal followed.

## DISMISSAL OF SUIT UNDER CHAPTER 14

In his sole issue, Chapman argues that the trial court erred in dismissing the lawsuit. Chapter 14 of the Texas Civil Practice and Remedies Code applies to a lawsuit brought by an inmate who has filed an affidavit or unsworn declaration of inability to pay costs and imposes several procedural requirements that must be met before such a lawsuit may proceed. TEX. CIV. PRAC. & REM. CODE ANN. §§ 14.001-.006 (Vernon 2002). An inmate's lawsuit may be dismissed if it fails to meet the procedural requirements imposed by Chapter 14. *Thompson v. Rodriguez*, 99 S.W.3d 328, 330 (Tex. App.–Texarkana 2003, no pet.). An inmate's lawsuit also may be dismissed if it is frivolous or malicious. TEX. CIV. PRAC. & REM. CODE ANN. § 14.003(a)(2). In dismissing a lawsuit as frivolous or malicious, among other potential factors, the trial court may consider whether the claim's realistic chance of ultimate success is slight. TEX. CIV. PRAC. & REM. CODE ANN. § 14.003(b)(1).

We review a trial court's dismissal of an inmate's in forma pauperis suit under an abuse of discretion standard. *Hickson v. Moya*, 926 S.W.2d 397, 398 (Tex. App.–Waco 1996, no writ.). A trial court abuses its discretion if it acts arbitrarily, capriciously, and without reference to any guiding rules or principles. *Lentworth v. Trahan*, 981 S.W.2d 720, 722 (Tex. App.–Houston [1st Dist.] 1998, no pet.). We will affirm a dismissal if it was proper under any legal theory. *Johnson v. Lynaugh*, 796 S.W.2d 705, 706-07 (Tex. 1990); *Birdo v. Ament*, 814 S.W.2d 808, 810 (Tex. App.–Waco 1991, writ denied). Trial courts are given broad discretion to determine whether an inmate's in forma pauperis suit should be dismissed because (1) prisoners have a strong incentive to litigate; (2) the government bears the costs of an in forma pauperis suit; (3) sanctions are not effective; and (4) the dismissal of unmeritorious claims accrues to the benefit of state officials, courts, and meritorious claimants. *Montana v. Patterson*, 894 S.W.2d 812, 814-15 (Tex. App.–Tyler 1994, no writ).

2

## TEXAS TORT CLAIMS ACT

Chapman brought his claim under the Texas Tort Claims Act. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 101.001-.109 (Vernon 2005 & Supp. 2007). In his petition, Chapman claimed that TDCJ provided him with a ladder that "had no rubber pads on its feet." Chapman also alleged that he was working on the ladder without supervision and without assistance when the ladder slid backwards and caused his injuries. We must determine whether the trial court correctly found that the likelihood of success of this claim is slight.

Pursuant to the doctrine of sovereign immunity, the State of Texas cannot be sued in her own courts without her consent and then only in the manner indicated by that consent. *Wichita Falls State Hosp. v. Taylor*, 106 S.W.3d 692, 694 (Tex. 2003) (citing *Hosner v. De Young*, 1 Tex. 764, 769 (1847)). For the legislature to waive the State's sovereign immunity, a statute or resolution must contain a clear and unambiguous expression of the legislature's waiver of immunity. *Taylor*, 106 S.W.3d at 696. That means a statute that waives the State's immunity must do so beyond doubt. *Id.* at 697. Further, when construing a statute that purportedly waives sovereign immunity, we generally resolve ambiguities in favor of the State's retaining its immunity. *See id.*

The Texas Tort Claims Act provides a limited waiver of immunity, allowing suits against governmental units under certain, narrow circumstances. *Tex. Dep't of Criminal Justice v. Miller*, 51 S.W.3d 583, 587 (Tex. 2001). Those circumstances include "personal injury . . . caused by a condition or use of tangible personal . . . property if the governmental unit would, were it a private person, be liable to the claimant according to Texas law." TEX. CIV. PRAC. & REM. CODE ANN. § 101.021(2) (Vernon 2005). This section waives immunity for a use of personal property only when the governmental unit is the user. *San Antonio State Hosp. v. Cowan*, 128 S.W.3d 244, 245-46 (Tex. 2004). "A governmental unit does not 'use' personal property merely by allowing someone else to use it and nothing more." *Id.* at 246. Instead, use requires the governmental unit to put or bring the personal property into action or service or employ the personal property for or apply it to a given purpose. *Id.* Negligent supervision, without more, is not a use of personal property by a governmental unit. *Tex. A & M Univ. v. Bishop*, 156 S.W.3d 580, 583 (Tex. 2005). When the claim involves use of personal property that is entirely lacking an integral safety feature, the case would be within the outer bounds of use under the statute. *Id.* at 584. But, a mixture of use and

3

nonuse, such as the failure to provide a more effective safety feature, does not effect a waiver of immunity under the Act. *Id.*

Here, Chapman attempts to effectuate a waiver of sovereign immunity because of the negligent supervision of TDCJ employees. ***Bishop*** forecloses this argument. *See **id**.* at 583. Secondly, Chapman attempts to argue that the lack of rubber pads at the bottom of the ladder is the lack of an integral safety feature. The ladder had a base made of a material that Chapman believes was more likely to slip than rubber. Therefore, Chapman argues that rubber pads would have been a more effective safety feature. However, this is a mixture of use and nonuse, which likewise does not effectuate a waiver under ***Bishop***. *See **id**.* at 584. Thus, the trial court did not err in finding that the likelihood of success of Chapman's claim was slight, or in dismissing it as frivolous.

Having held that the trial court did not err in dismissing Chapman's claim as frivolous because the likelihood of success was slight, we need not determine whether the trial court erroneously dismissed Chapman's claim because it is substantially similar to a previous claim. TEX. R. APP. P. 47.1. We overrule Chapman's sole issue.

## DISPOSITION

Having overruled Chapman's sole issue, the judgment of the trial court is ***affirmed***.

   BRIAN HOYLE   
Justice

Opinion delivered July 31, 2008.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(PUBLISH)

4